ST. MARY'S BENEVOLENT ASSOCIATION *v.* LYNCH *& a.*

Treasurer of a benevolent association not allowed for expenses incurred by him in carrying out an illegal vote to dissolve the association; nor for the costs and expenses of an equity suit brought by members to restrain him from carrying into effect the illegal vote.

BILL IN EQUITY.   Facts found by a referee.

*J. W. Emery,* for the plaintiffs.

*Frink & Batchelder,* for Lynch.

*C. Page,* for Conlon.

CLARK, J.   In 1882 the St. Mary's Benevolent Association at Portsmouth, of which the defendant Lynch was treasurer, consisted of about thirty members.   In September, 1882, a special meeting of the association was called by the president, on the written request of five members in conformity with the provisions of the constitution, and notice given by publication in the two daily papers in the city of Portsmouth.   The object of the meeting was not specified in the notice.   The president presided at the meeting, nineteen members being present, and it was voted to dissolve the association, sell its property, pay its debts, and divide the balance, including the funds of the association in the Portsmouth Savings Bank, among its members; and a committee, of which Lynch was one, was appointed to carry the vote into effect.   The vote for dissolution was passed by ten voting in the affirmative, being a majority of the members present.   The constitution contained a provision that the association should not be dissolved while ten members were willing to continue it; and the president at that time, in the presence of Lynch, gave notice that if ten members were willing to continue the association they would have the regular monthly meetings.   The committee proceeded to advertise the property for sale, and Lynch withdrew the money on deposit in the bank.   October 4, 1882, fifteen members of the association filed a bill in equity for an injunction against the sale or division of the property or funds, alleging the illegality of the vote of dissolution, and at the October term, 1883, the injunction was granted with costs for the plaintiffs.   Lynch defended the injunction suit, and he now claims to set off against his indebtedness to the association the expenses incurred by him in making preparations for the sale of the property, and the costs and expenses in the injunction suit.

The set-off cannot be allowed.   The notice of the special meeting contained no intimation of a purpose to act upon the question

of winding up the association, and the vote to dissolve it and sell its property was unauthorized. The members of the association were entitled not only to notice of the time and place of the meeting, but of the business proposed to be transacted, especially if the business was of an unusual character, and the vote was not binding upon the absent or dissenting members. They had no notice of a meeting to act upon the question of dissolving the association; nor would the vote have been binding if the notice had been sufficient. By the provisions of its constitution, the association had no power to dissolve while ten members were willing to continue it; and it appears that at the September meeting, after the passage of the vote of dissolution, the president gave notice in the presence of Lynch that the regular monthly meeting would be held, if ten members were willing to continue the association; and that, as early as the next day, ten members signed a paper protesting against the proceedings of the meeting, and stating their willingness to continue the association. Upon these facts the vote to sell the property was a nullity. It conferred no authority upon the committee appointed to carry it into effect, and the expenses incurred by Lynch in making preparations for the sale were not a legal claim against the association. Neither were the costs and expenses of the injunction suit chargeable to the association. It was prosecuted by fifteen members, and a temporary injunction was served on Lynch the second day of October; there is no evidence of any request or authority from the association to contest the suit, and there is no ground for charging the association with the costs and expenses of it.

*Set-off disallowed.*

BLODGETT, J., did not sit: the others concurred.